FILED
99 JUL 28 PM 3:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| THOMAS WAYNE HORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 98-PWG-0988-S |
| | ) |
| LOCAL 92 INTERNATIONAL ASSOCIATION | ) |
| OF BRIDGE, STRUCTURAL AND | ) |
| ORNAMENTAL IRON WORKERS, | ) |
| | ) |
| Defendant. | ) |

ENTERED
JUL 28 1999

<u>MEMORANDUM OF OPINION</u>

This matter is before the court on the motion for summary judgment filed by defendant International Association of Bridge, Structural and Ornamental Iron Workers Local Union No. 92.

In the complaint filed on April 24, 1998 plaintiff alleged that

> Pursuant to the bill of rights of members of labor organizations (29 U.S.C. § 411), the Plaintiff has attended meetings and has requested to make resolutions to the by-laws, prefer charges of misconduct against Officers of the Local, has attempted to obtain information regarding expenditures made by the Local from dues and assessments received from its members and has otherwise attempted to exercise his freedom of speech and has been told on each and every occasion that he is out of order and has been taken out of the meetings and has been denied his due process of law.

(Document #1).

Plaintiff seeks injunctive relief, damages and attorney's fees.

The following facts are undisputed or, if disputed, viewed in the light most favorable to Mr. Horn. Plaintiff contends that "all the resolutions [he] turned in were ruled out of order" and



on more than one occasion he was ejected from the union meeting (Horn deposition, pp.216-218). Plaintiff introduced four resolutions which were ruled out of order by the chair. One of the resolutions was intended to reduce the dues assessment. (Horn deposition, pp.107-08). Another sought to require approval for expenditures and disbursements over $200. (Horn deposition, p.108). A third involved the Mutual Advancement Program (MAP) (Horn deposition, p.108) and the fourth addressed the Political Action League (PAL). (Horn deposition, p.108). Mr. Horn was physically escorted from three or four meetings after being told he was out of order. (Horn deposition, pp.109-110). Plaintiff has conceded that the Robert's Rules of Order in use at the meetings and union rules contained in their constitution are reasonable. He has testified in his deposition that his dispute is with the application of some of the rules to his conduct and his resolutions. (Horn deposition, pp.333-34).

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure*. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries

the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

Defendant argues that it is entitled to summary judgment based on plaintiff's failure to exhaust the internal union remedies available to him.

Title 29 U.S.C. § 411(a)(4) provides in pertinent part:

> ... [A]ny such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof....

The International Constitution requires that a member exhaust available internal union remedies prior to filing suit. (See Defendant's Exhibit 1, Constitution, Article XIX, Section 4, p.48). Plaintiff could have sought review of Local President Nix's parliamentary rulings by the Local Union's executive committee, the District Council's President and, if necessary, the General Secretary of the

3

International Union. (Nix Declaration). Plaintiff concedes that he failed to seek such review prior to filing suit. (Nix Declaration; Horn deposition, p.192).

Mr. Horn argues that he was not required to exhaust his administrative remedies before filing the complaint because his claim involves a violation of free speech, citing *Bradford v. Textile Workers of America*, 563 F.2d 1138 (4th Cir. 1977) and *Bright v. Taylor*, 554 F.2d 854 (8th Cir. 1977).[1/] *Bradford* is clearly distinguishable because in *Bradford* the union member was also an elected union committeeman who was removed from his elective position in retaliation for exercise of his free speech rights. *Bright* is also inapposite as the court found both that because "exhaustion would have been unavailing," exhaustion was not a prerequisite under 28 U.S.C. § 411(a)(4) and, further, that the union constitution at issue did not provide for union appellate procedures or review.

The United States Supreme Court has directed that district courts exercise discretion in deciding whether to require exhaustion of internal union procedures. *Clayton v. International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, et al.*, 451 U.S. 679 (1981). In determining the proper exercise of this discretion courts are instructed to consider three relevant factors:

> ... first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on this claim; second, whether internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably

---

[1/] The Eleventh Circuit has not specifically addressed whether a free speech claim under 28 U.S.C. § 411(a)(2) requires that a plaintiff exhaust his available union remedies prior to filing suit. In *Davis v. United Auto, Aerospace & Agriculture*, 765 F.2d 1510, 1512 (11th Cir. 1985), the Eleventh Circuit Court of Appeals declined to address whether the district court erred in granting summary judgment based on the union member's failure to exhaust available internal union appeals procedure. Instead, the court held that the action was barred by the six months statute of limitation.

4

> delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

451 U.S. at 689

Mr. Horn has submitted no evidence tending to prove that he could not have received a fair hearing because of the hostility of union officials. Moreover, plaintiff has not argued that the appeals procedure would have proven inadequate to achieve redress for his complaint. There has been no evidence to suggest that the appeal procedure is inadequate and the specified procedure is clearly not facially inadequate. Finally, there has been no contention that the exhaustion of internal procedures would have unreasonably delayed plaintiff's opportunity to obtain a judicial hearing on the merits of his claim.

In *Holmes v. Donovan*, 984 F.2d 732 (6th Cir. 1993) a factually analogous case, the union member [Johnson] alleged he was not permitted to present certain motions at a meeting of the union's executive board. The motions were ruled out of order. The union member, as here, had the right to appeal the decision to the board as a whole but failed to do so. The Sixth Circuit Court of Appeals, in holding that the member was required to have pursued his internal union remedies before filing his action, stated:

> Generally, a union member must exhaust internal procedures before turning to federal court. This policy is based on "deferring judicial consideration" of "disputes arising over *internal* union matters such as those involving the interpretation and application of a union constitution." *Clayton v. International Union, UAW*, 451 U.S. 679, 688, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981) (emphasis original). Requiring exhaustion is especially appropriate where the claims concern only internal union affairs. *See Geddes v. Chrysler Corp.*, 608 F.2d 261, 264 (6th Cir. 1979). However, we held that exhaustion would not be

5

> required when pursuing internal remedies would be futile. *Terwilliger v. Greyhound Lines, Inc.*, 882 F.2d 1033, 1039 (6th Cir. 1989), *cert. denied*, 495 U.S. 946, 110 S.Ct. 2204, 109 L.Ed.2d 531 (1990); *Geddes*, 608 F.2d at 264-65. In *Geddes*, we held that exhaustion would not be required if "the internal remedies are clearly biased against plaintiffs" or if "resort to internal union remedies might be futile ... because ... the position of the union has hardened against that of the plaintiffs." *Id.*

984 F.2d at 738. The court found that there was no specific evidence that the appeal to the board would have been biased.

Here, as in *Holmes*, the dispute arises from internal union matters, specifically parliamentary procedure. The court concludes that plaintiff should have exhausted his internal procedures before filing this suit. Plaintiff argues that it would have been an exercise in futility to exhaust his administrative remedies because "on the occasion that plaintiff attempted to correspond with the International regarding one of the resolutions he attempted to bring before the Local, he received no response whatsoever from the International." (Horn deposition, pp.192-93).

The actual correspondence to the International was not a request for review pursuant to internal appeal procedures. (Horn deposition, p.192). As such, the response of International, or lack thereof, to his letter is not material to the issue of whether the International would have been required to provide plaintiff with a substantive review of the parliamentary rulings had he requested that they do so. *See Saxton v. General Motors Corp.*, 575 F. Supp. 1212, 1216 (N.D. Ohio 1983)("Because [ ] letter-writing was an aberration from the norm, there was no particular time limit within which the International was required to respond.") Plaintiff has not offered any evidence to suggest that a request for a review of the ruling would have been futile.

After consideration of the complaint, the submissions of each party and the applicable law, defendant's motion for summary judgment is due to be GRANTED based on plaintiff's failure to exhaust his available internal union remedies.[2] A separate order consistent with this ruling will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 28th day of July, 1999.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE

---

[2] Local President Nix stated in his declaration that plaintiff was removed from two or three regular meetings because "he refused to sit down when the business he proposed to introduce was ruled out of order." (Nix's Declaration, p.4). Plaintiff disputes that he refused to sit down. (Horn deposition, p.100). Plaintiff also testified in deposition that he did not do anything to provoke being escorted out "[o]ther than ask for an appeal. And I asked for a second time for an appeal, and sometimes a third time." (Horn deposition, p.111). It appears that plaintiff was disruptive or argumentative when ruled out of order. As the court has concluded that summary judgment is due to be GRANTED in favor of defendants, it is unnecessary for the court to determine whether under these circumstances, plaintiff's removal from the meetings violated his rights under 29 U.S.C. § 411(a).